UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ABDURRAHMAN EMERLLAHU

                        Plaintiff,            11-CV-6197

        v.                         **DECISION AND ORDER**

PACTIV, LLC,

                        Defendant,
_____

## **INTRODUCTION**

Plaintiff, Abdurrahman Emerllahu ("Plaintiff"), brings this action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12201 *et seq.* ("ADA"), and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *seq.* ("NYSHRL"), alleging that he was subjected to disability discrimination, retaliation and an impermissible medical inquiry by his employer, Pactiv, LLC ("Defendant" or "Pactiv"). (Docket No. 1.) Defendant moves for summary judgment contending that Plaintiff has not established a prima facie case of discrimination, retaliation or a violation of the ADA's medical inquiry provisions. (Docket No. 14.) Plaintiff opposes the motion contending that there are material issues of fact for trial. (Docket No. 17.) For the reasons discussed herein, Defendant's motion for summary judgment is granted and the complaint is dismissed in its entirety.

## **BACKGROUND**

The following facts are taken from the parties' submissions pursuant to Local Rule 56 (a) and the Court's review of the entire

record. (Docket Nos. 14, 17.)  Plaintiff began working at Pactiv as a packer in June 2001. Plaintiff's supervisor was William Ambrose from January 2008 through October 2009.  During the time that Ambrose was Plaintiff's supervisor, Plaintiff was called into Ambrose's office on several occasions.  Plaintiff states that he does not know why he was called into Ambrose's office.  Ambrose testified that he was performing corrective counseling for, *inter alia*, complaints of Plaintiff inappropriately touching a coworker and several incidents of insubordination. Ambrose Dep. pp. 21-26. These meetings are documented in Plaintiff's file. Harradine Dec. Exhibit 2-3, Docket No. 14-2.

On October 7, 2009, Plaintiff was called to Ambrose's office and placed on a three day suspension. Defendant asserts that Plaintiff was suspended for insubordination.  Plaintiff contests this fact stating that he was "told to go home because of an alleged incident with one of his female co-workers which [he] unequivocally denied." Pl. Response to Def. Local Rule 56(a) Statement at ¶9. When Plaintiff refused to leave, an Ontario County Sheriff's Deputy and a Canandaigua Police Officer were called to escort Plaintiff off of the premises.  The law enforcement officers forcibly removed a knife from the Plaintiff's possession. Although the officers were apparently not aware, the knife had been issued to Plaintiff by Pactiv to perform his duties as a packer.

Plaintiff was then escorted off the premises by the officers. Plaintiff's wrists and forearms were injured during the encounter.

The next day, Plaintiff entered the Pactiv premises using his wife's security card. He went to Pactiv's onsite medical office to seek medical treatment for his wrist and forearms. Pactiv's onsite physician examined Plaintiff and issued working restrictions and requested an X-ray of his left wrist and hand. On October 12, 2009, Plaintiff saw his family physician and requested a note to be excused from work that day due to left wrist pain.

Plaintiff returned to work on October 23, 2009 and was reassigned to a new department at the request of his brother. By November 3, 2009, Plaintiff testified that he "had to go to the doctor because [he] was not able to [work]" because of his arm and wrist pain. Emerllahu Dep. pg. 101. Plaintiff's team leader saw that he was not able to work and called the Human Resources manager, Tom Rankin. Id. Rankin told Plaintiff to go to the Pactiv doctor. Plaintiff now contends Pactiv unlawfully required him to obtain a "gratuitous medical examination" by the Pactiv onsite doctor based on the November 3, 2009 examination.

Although Plaintiff testified that he was not able to work at that time and that he had to see the doctor, he now asserts that he "was able to perform the essential functions of his job with reasonable accommodations." Emerllahu Dec. at ¶ 36. He contends that Pactiv did not attempt to find a reasonable accommodation that

would allow him to work. Plaintiff did not request a specific accommodation from Pactiv, but asked that they provide him with the physical therapy prescribed by his doctor. Plaintiff has not provided any evidence of a reasonable accommodation that would allow him to perform the tasks of a packer nor has he offered evidence of his ability to perform the essential tasks of his job with or without an accommodation other than the statement in his affidavit which directly contradicts his prior deposition testimony. Cf. Emerllahu Dec. at ¶ 36 and Emerllahu Dep. at pg. 100-104, 117-118.

Plaintiff sought medical treatment from an orthopedist, Dr. Banwar, on November 5, 2009. Dr. Banwar prohibited Plaintiff from working until further notice and prescribed physical therapy. Plaintiff thereafter requested leave under the Family Medical Leave Act and filed a claim for Workers' Compensation. Workers' Compensation denied his claim, finding that his injuries were not sustained in the course of employment. Plaintiff applied for and now receives Social Security Disability payments. Plaintiff has not returned to work at Pactiv since November 2009. Plaintiff testified that he is not able to return to work because of his injuries. Emerllahu Dep. at pg. 117-118.

### **DISCUSSION**

Pursuant to Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(a). Once the movant has met this burden, the burden shifts to the nonmovant who must "come forward with evidence to allow a reasonable jury to find in his favor" on each of the elements of his prima facie case. See Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir.2001); Celotex Corp. v. Catrett, 477 U.S. 317, 325-27 (1986). The court must draw all factual inferences, and view the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Celotex Corp., 477 U.S. at 322. However, a nonmovant benefits from such factual inferences "only if there is a 'genuine' dispute as to those facts." See Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 1776 (2007).

The law is well established that "conclusory statements, conjecture, or speculation" are insufficient to defeat a motion for summary judgment. See Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996). The nonmovant cannot survive summary judgment simply by proffering "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or presenting evidence that "is merely colorable, or is not significantly probative." See Savino v. City of New York, 331 F.3d 63, 71 (2d Cir.2003) (quoting Anderson, 477 U.S. at 249-50(citation omitted)). Rather, he must "set out

specific facts showing a genuine issue for trial." See Anderson, 477 U.S. at 248, 250; see also Celotex, 477 U.S. at 323-24; Wright v. Goord, 554 F.3d 255, 266 (2d Cir.2009).

A. ADA Discrimination Claim[1]

To survive a motion for summary judgment, Plaintiff must establish a prima facie case of discrimination under the ADA by presenting evidence that (1) Pactiv is subject to the ADA; (2) plaintiff is disabled withing the meaning of the ADA; (3) Pactiv was aware of the disability; (4)Plaintiff could perform the essential functions of a packer with or without a reasonable accommodation; and (5) Plaintiff was subject to an adverse employment action. See Shannon v. New York City Transit Authority, 332 F.3d 95, 99 (2d Cir. 2003).

At issue in this case is Plaintiff's contention that he could perform the essential functions of a packer with or without a reasonable accommodation. The only evidence in the record regarding Plaintiff's ability to perform the functions of a packer are his deposition testimony that he could not work because he "cannot move [his] arms or hands" (Emerllahu Dep. at pg. 17); his subsequent declaration in which he conclusively states that he "was able to perform the essential functions of [his] job with reasonable accommodations" (Emerllahu Dec. at ¶36); the notes from

---

[1] Plaintiff must prove the same elements to establish a claim under the ADA and the NYSHRL. See Kinneary v. City of New York, 601 F.3d 151, 158 (2d Cir. 2010).

Plaintiff's orthopedic specialist, Dr. Banwar, that he could not work until further notice (Harradine Dec. Exhibits 16, 18-21, Docket No. 14-3); and Plaintiff's application for and receipt of disability benefits (Pl. Response to Def. Rule 56(a) Statement of Undisputed Facts at ¶24).

Plaintiff offers no evidence that he is able to perform the essential functions of a packer, or any job, other than his sworn statement, which directly contradicts his prior deposition testimony. "It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment." Mack v. U.S., 814 F2d 120, 124 (2d Cir. 1987). There is no evidence in the record to corroborate Plaintiff's conclusory statement that he could perform his duties as a packer with or without a reasonable accommodation. Rather, the evidence indicates that Plaintiff believed he could not work, his doctor stated that he was unable to return to work, and he later applied for now receives disability benefits. Accordingly, the Court finds that Plaintiff has not established that he was capable of performing the essential functions of his job. See e.g. Dansler-Hill v. Rochester Institute of Technology, 764 F.Supps.2d 577, 583 (W.D.N.Y. February 11, 2011) ("Common sense and well-settled law dictate that a person who is on disability leave because he is disabled from performing his job is not 'otherwise qualified' to perform its essential functions, and

therefore cannot establish a claim of disability-based discrimination, in the absence of some evidence that a reasonable accommodation exists.").

Further, Plaintiff has not identified any accommodation[2] or provided evidence regarding the reasonableness of such an accommodation which would allow him to perform his the essential functions of his job triggering the requirements of the ADA. See <u>McBride v. BIC Consumer Products Mfg. Co., Inc.</u>, 583 F.3d 92, 101 (2d Cir. 2009). Plaintiff contends that Pactiv failed to engage in the required interactive process to determine whether a reasonable accommodation existed, but, even if this were true, "[t]he employer's failure to engage in such an interactive process ...does not relieve a plaintiff of [his] burden of demonstrating, following discovery, that some accommodation of [his] disability was possible." <u>Id</u>.

Therefore, because Plaintiff has not established that he could perform the essential functions of a packer with or without a reasonable accommodation, the Court finds that he has not established a claim for disability discrimination. Accordingly, the Defendant's motion for summary judgment on this claim is granted.

---

[2] Initially it appeared that Plaintiff alleged that physical therapy was a reasonable accommodation. However, Plaintiff has since abandoned that theory. Even if Plaintiff were to have requested such an accommodation, the provision of medical treatment is not a reasonable accommodation under the ADA. <u>See</u> <u>e.g.</u> <u>Desmond v. Yale-New Haven Hosp., Inc.</u> 738 F.Supp.2d 331, 350-351 (D. Conn., September 10, 2010).

B. <u>Retaliation</u>

To establish a prima facie case of discriminatory retaliation, Plaintiff must show: (1) participation in a protected activity known to the Defendant; (2) an adverse employment action; and (3) a causal connection between the protected activity and the adverse action. <u>See</u> <u>Burlington Northern & Santa Fe Railway Co. v. White</u>, 548 U.S. 53, 68 (2006). Plaintiff alleges that Pactiv retaliated against him for requesting a reasonable accommodation. Plaintiff alleges that he suffered an adverse employment action because he was "not allowed to return to work." However, the evidence indicates that Plaintiff himself requested medical leave and that Plaintiff's doctor instructed him not to return to work. Harradine Dec. Exhibits 18-22, 28, Docket No. 14-3. Further, there is no evidence that Plaintiff requested to return to work at any time or that he requested that any accommodation be made for him to return to work. Rather, Plaintiff testified that he could not work due to the injuries to his arm and wrist. Emerllahu Dep. at 117-118. Based on these facts, the Court finds that Plaintiff has not established a prima facie case of retaliation because he has not established that he participated in a protected activity known to the defendant or that he suffered an adverse employment action that was causally related to the protected activity. Accordingly, the Defendant's motion for summary judgment on this claim is granted.

C.  <u>Impermissible Medical Inquiry</u>

Plaintiff also alleges that Pactiv made an impermissible medical inquiry when an HR representative told him to go to the Pactiv doctor on November 3, 2009. 42 U.S.C. § 12112(d)(4) states, "A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." An employer is permitted to "make inquiries into the ability of an employee to perform job-related functions." The Second Circuit has held that "[t]he case law on inquiries directed towards individual employees ... demonstrates that courts will readily find a business necessity if an employer can demonstrate that a medical examination or inquiry is necessary to determine...whether the employee can perform job-related duties when the employer can identify legitimate, non-discriminatory reasons to doubt the employee's capacity to perform his or her duties ...." <u>Gajda v. Manhattan and Bronx Surface Transit Operating Authority</u>, 396 F.3d 187, 188 (2d Cir. 2005). Here, after observing that Plaintiff could not perform his duties, and after Plaintiff told his supervisor that he could not work due to his injuries, his supervisor called the Human Resources manager, Tom Rankin, who told Plaintiff to go to Pactiv's onsite doctor. Emerllahu Dep. at 100-105. Under these

circumstances, the Court finds that Defendant did not violate the ADA by requiring that Plaintiff visit the onsite medical doctor when he, admittedly, could not perform the essential functions of his job. Plaintiff's conclusory statement that he was subjected to an impermissible medical inquiry is insufficient to create a material issue of fact. Accordingly, the Defendant's motion for summary judgment on this claim is granted.

## CONCLUSION

For the reasons discussed herein, the Court finds that Plaintiff has not established a prima facie case of discrimination, retaliation or a violation of the ADA's provisions regarding medical inquiries. Accordingly, Defendant's motion for summary judgment is granted and Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                               S/ MICHAEL A. TELESCA
                                               HON. MICHAEL A. TELESCA
                                               United States District Judge

Dated:    Rochester, New York
            October 30, 2013